UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| AGTEXAS, PCA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:15-CV-00288-J |
| | § | |
| ROBBIE JAMES BULLOCK and | § | |
| CARRIE JEAN BULLOCK, | § | |
| | § | |
| Defendants. | § | |

### BRIEF IN SUPPORT OF PLAINTIFF'S SECOND MOTION TO COMPEL POST-JUDGMENT DISCOVERY

The Plaintiff and judgment creditor, AgTexas, PCA, ("*AgTexas*" or "*Plaintiff*") seeks an Order compelling compliance with the discovery obligations of Mr. Robbie James Bullock, one of the judgment debtors in this case. Specifically, Mr. Bullock has failed and refused to respond to written interrogatories.

Post-judgment discovery is governed by Rule 69(a) of the Federal Rules of Civil Procedure, which provides as follows:

> **(a) In General.**
>
> **(1) *Money Judgment; Applicable Procedure.*** A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
>
> **(2) *Obtaining Discovery.*** In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.

Fed R. Civ. Proc. 69(a).

As the Fifth Circuit has stated "to deny a judgment creditor the right to utilize this discovery tool not only restricts the functional ability of the Rule, but it is also inconsistent with the general scheme of discovery practice in the federal courts." *United States v. McWhirter,* 376 F.2d 102, 106 (5th Cir. 1967). A

judgment debtor may be compelled to answer interrogatories, even if he does not reside or possess property in the forum district. *See*, *McElveen v. Carib Inn Int'l., Inc.*, 71 F.R.D. 193 (S.D. Tex. 1976).

The scope of post-judgment discovery can be broad. Its purpose is to learn information relevant the existence or transfer of the judgment debtor's assets. *See FDIC v. LeGrend*, 47 F.3d 163, 172 (5th Cir. 1995) ("the scope of post-judgment discovery is very broad to permit a judgment creditor to discovery assets upon which execution may be made.").[1]

Under Rule 37, this Court may enter appropriate orders for sanctions to compel the party's compliance. In this case, the post-judgment discovery propounded to Mr. Bullock consists of a set of relatively simple interrogatories. Interrogatories fall under the scope of Rule 37, specifically at Rule 37(a)(3)(B). If the motion is granted (or if the disclosure or requested discovery is provided after this motion was filed) the Court must (after the opportunity for hearing) require the party (or in certain cases counsel) to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. Fed. R. Civ. Proc. 37.

As reflected in the motion, the movant, through counsel, made a good faith effort to obtain the discovery without court action. *Id.,* Rule 37(b)(2).

WHEREFORE, AgTexas, PCA, Plaintiff and judgment creditor, prays that Robbie James Bullock be compelled to comply with his post-judgement discovery obligations as stated above and in the accompanying motion. Plaintiff prays for general relief.

DATED: January 3, 2019.

---

[1] See also *British International Ins. Co., Ltd. v. Seguros Law Republica, S.A.,* 200 F.R.D. 586 (W.D. Tex. 2000) (order entered upon report and recommendation of Magistrate Judge).

        Respectfully submitted,

        */s/ Roger S. Cox*
        ROGER S. COX, Texas State Bar No. 04956200
        UNDERWOOD
        P. O. Box 9158
        Amarillo, Texas 79105-9158
        Telephone (Direct): (806) 242-9651;
        Fax: (806) 379-0316
        Email: roger.cox@uwlaw.com

        *Counsel for AgTexas PCA, Plaintiff/Judgment Creditor*

## CERTIFICATE OF SERVICE

A copy of the foregoing was served by First Class Mail and by electronic mail to the following:

| | |
|---|---|
| Kenneth Netardus, Esq. | Kenneth Netardus, Esq. |
| knetardus@sjblawfirm.com | P.O. Box 9660 |
| | Amarillo, TX 79102 |

Date of service: January 3, 2019

        */s/ Roger S. Cox*